EN EL TRIBUNAL FEDERAL DE DISTRITO PARA EL DISTRITO DE COLORADO

Caso Penal No. 22-CR-00282-DDD

ESTADOS UNIDOS DE AMÉRICA

        Demandante,

contra

1. YUREN ARMANDO OLIVAS-CRUZ, (también conocido como)
Yuren Olivas-Armando,
Arturo Gonzalez,
Javier Olivas,
Luis Montano,
Javier Y. Solis,

        Acusado.

## CONVENIO DE ADMISIÓN DE CULPABILIDAD

Los Estados Unidos de América, representados por Kelly R. Churnet, Fiscal Adjunto de los Estados Unidos, y el acusado, Yuren Armando Olivas-Cruz, en persona y con la representación y presencia de su abogado, el Lic. Brandon Marinoff, en este acto presentan el siguiente "Convenio de admisión de culpabilidad", de conformidad con la Regla Penal Local para el Distrito de Colorado (D.C.COLO.LCrR) 11.1. El presente convenio solamente es vinculante para la División Penal de la Fiscalía de los Estados Unidos para el Distrito de Colorado y al acusado.

### I. CONVENIO

**A.** *Declaración de admisión de culpabilidad del acusado:*

El demandado conviene en:
(1) declararse culpable del único cargo que se le imputa, en el que se le acusa de violar la Sección 1326(a) del Título 8 del U.S.C.: reingreso ilegal de un extranjero previamente deportado, y acepta que se aplique la pena aumentada prevista en la Sección 1326(b)(2) del Título 8 del U.S.C.
(2) renunciar a ciertos derechos de apelación e impugnación indirecta, según se explica detalladamente a continuación.

**B.** *Obligaciones de la fiscalía*

El presente convenio se celebra de conformidad con la Regla Federal para Procesos Penales (Fed.R.Crim.P.) 11(c)(1)(B). A cambio de la declaración de admisión de culpabilidad del acusado y la renuncia a ciertos derechos de apelación, los Estados Unidos convienen en:

    (1)    solicitar una condena que se encuentre en la parte inferior del rango de los criterios discrecionales [para la individualización de las penas] como resultado de la resolución por la "vía rápida" (*fast track*).

    (2)    Siempre y cuando el acusado no incurra en conductas prohibidas o que de alguna otra manera impliquen las Secciones 3C1.1 y 3E1.1, comentario no. 4 de los Lineamientos para la Individualización de las Penas de los Estados Unidos (U.S.S.G., por sus siglas en inglés) entre el momento en que se presente la declaración de admisión de culpabilidad y el día que se dicte la sentencia condenatoria en este caso, la fiscalía conviene en que el acusado reciba una reducción de dos niveles por aceptación de responsabilidad de conformidad con la Sección 3.E1.1(a) de los U.S.S.G. La fiscalía también conviene en recomendar que el acusado reciba una reducción de un nivel en el nivel del delito por notificarlo oportunamente al gobierno. Sección 3E1.1(b).

Las partes entienden que el presente convenio no es vinculante para el Juez.

### C. *Convenio de Resolución Anticipada ("Fast Track"):*

El presente convenio de admisión de culpabilidad se celebra de conformidad con el programa de resolución anticipada (por la vía rápida o "*Fast Track*") del Distrito de Colorado con base en la Sección 5K3.1 de los U.S.S.G ("programas de resolución anticipada"). La fiscalía conviene en presentar una petición para una reducción de un nivel por debajo de la pena mínima, de conformidad con la Sección 5K.3.1 de los U.S.S.G. ("programas de resolución anticipada"). Aunque el acusado no reúne los requisitos para una reducción de tres niveles por debajo de la pena mínima, a cambio de la petición para una reducción de un nivel por debajo de la pena mínima, el acusado acepta renunciar a ciertos derechos de apelación, los cuales se describen detalladamente más adelante. Las partes entienden que los Lineamientos son solamente de carácter consultivo. Los Estados Unidos y el acusado estipulan y convienen en que esta resolución por la vía rápida ("*fast- track*") es idónea y da como resultado una sentencia condenatoria que promueve los objetivos de la individualización de las penas que se establecen en la Sección 3553(a) del Título 18 del Código de los Estados Unidos (U.S.C., por sus siglas en inglés).

### D. *Renuncia del acusado al recurso de apelación:*

El acusado está consciente de que la Sección 3742 del Título 18 del U.S.C. le otorga el derecho de apelar la condena, incluyendo la manera en la que esta se determine. Habiendo entendido lo anterior, y a cambio de las concesiones otorgadas por la fiscalía en este convenio, el acusado, de forma consciente y voluntaria, renuncia a su derecho de apelar cualquier asunto relacionado con este proceso judicial, condena, o sentencia condenatoria (incluyendo la orden de reparación del daño), a menos que cumpla con uno de los siguientes criterios:

    (1)    que la condena exceda la pena máxima establecida en la ley que rige las penas (Sección 1326(a), (b)(2) del Título 18 del U.S.C.)

    (2)    que la condena exceda el extremo superior del rango de los criterios de carácter consultivo de los Lineamientos para la Individualización de las Penas que sean aplicables a los antecedentes penales del acusado (según lo que el Juez de distrito hubiese determinado) a un nivel de delito total de 17; o

    (3)    que la fiscalía apele la condena impuesta.

Si se aplica el primer criterio, el acusado únicamente podrá apelar la cuestión de que su condena excede la pena máxima establecida en la ley. Sin embargo, si aplicara alguno de los dos últimos criterios, el acusado podría apelar con base en cualquier causal que esté debidamente disponible en una apelación que suceda tras una declaración de admisión de culpabilidad.

El acusado también renuncia, de forma consciente y voluntaria, al derecho de impugnar este proceso judicial, condena, o sentencia condenatoria (incluyendo la orden de reparación del daño) en cualquier impugnación indirecta (entre otros, en una petición presentada conforme la Sección 2255 del Título 28 del U.S.C.) Esta disposición sobre las renuncias no impide que el acusado solicite la reparación del agravio que de otra manera esté disponible por medio de una impugnación indirecta, con base en cualquiera de los siguientes causales:

    (1)    el acusado debe recibir el beneficio de un cambio explícitamente retroactivo en los

lineamientos para la individualización de las penas o la ley que rige las penas;

(2)     el acusado fue privado de la asistencia eficaz de un abogado; o

(3)     el acusado se vio perjudicado por conducta ilícita del fiscal.

El acusado también renuncia a su derecho de apelar cualquier condena impuesta por debajo o dentro del rango de los Lineamientos tras una revocación de la libertad supervisada en este número de caso, excepto cuando el acusado se oponga sin éxito al grado de violación aplicado por el Juez durante los procedimientos de revocación del tribunal de distrito. En tal caso, esta renuncia no se aplica y el acusado puede apelar la condena impuesta tras la revocación de la libertad supervisada, incluso si dicha condena se encuentra por debajo o dentro del rango de los lineamientos calculados por el Juez.

Asimismo, el acusado también renuncia a su derecho de apelar la negación de cualquier petición presentada de conformidad con la Sección 3582(c)(1)(A) del Título 18 del U.S.C. cuando cualquier parte de dicha negación se base en la determinación del Juez de que la reducción de la pena no se justifica de acuerdo con los factores que se establecen en la Sección 3553(a) del Título 18 del U.S.C. Esta renuncia no es aplicable a la apelación de la negación de una petición en virtud de la Sección 3582(c)(l)(A)(i) cuando el Juez de distrito, al negar la moción basada en la Sección 3553(a), no consideró los hechos que supuestamente establecían circunstancias extraordinarias y apremiantes como parte de su análisis de la Sección 3553(a).

## II. ELEMENTOS DEL DELITO

Las partes convienen en que los elementos del delito del cual el acusado se declarará culpable son los siguientes:

*Primero:* el acusado era extranjero (no ciudadano ni nacional de los Estados Unidos) en el momento en que presuntamente se cometió el delito que se le imputa;
*Segundo:* el acusado había sido previamente deportado y expulsado de los Estados Unidos;
*Tercero:* el acusado, de manera intencional, ingresó y fue encontrado en los Estados Unidos; y
*Cuarto:* el acusado no había recibido el consentimiento de la autoridad legal competente para volver a solicitar su admisión a los Estados Unidos.

Nota: Las partes están de acuerdo en que se aplique la disposición sobre individualización de las penas de la Sección 1326(b)(2) del Título 8 del U.S.C. Este no es un elemento esencial del delito, sino más bien de un factor que el Juez puede tomar en cuenta para dictar la sentencia condenatoria. *Véase Almendarez-Torres v. United States,* 523 U.S. 224, 235 (1998).

## III. PENA MÁXIMA ESTABLECIDA EN LA LEY

La pena máxima por una violación de las Secciones 1326(a) y (b)(2) del Título 8 del U.S.C. es de máximo 20 años de prisión; una multa máxima de $250,000, o ambas; un máximo de tres años de libertad supervisada; y el pago de $100 por derechos especiales.

## IV. CONSECUENCIAS SECUNDARIAS

Esta condena por delito puede causar la pérdida de derechos civiles, incluyendo, entre otros, los derechos a poseer armas de fuego, a votar, a desempeñar cargos de elección popular y a prestar servicio en un jurado. Si el acusado es extranjero, la condena puede provocar su deportación y expulsión de los Estados Unidos o su detención indefinida si no hay un país al que pueda ser deportado, la negación de su futura admisión en los Estados Unidos y/o la negación de la ciudadanía.

## V. ACUERDO PROBATORIO DE LOS HECHOS

Las partes convienen en que existen fundamento de hecho para la declaración de admisibilidad de culpabilidad que el acusado presentará de conformidad con el presente convenio de admisión de culpabilidad. A continuación se establecen dichos fundamentos. Dado que el Juez debe, como parte de su metodología para la imposición de la pena, calcular el rango de los criterios de carácter consultivo para el delito relacionado

con la sentencia condenatoria, considerar la conducta relevante, y tomar en cuenta los demás factores que se establecen en la Sección 3553 del Título 18 del U.S.C., se pueden incluir hechos adicionales a continuación que sean pertinentes para dichas consideraciones y cálculos. En la medida en que las partes no estén de acuerdo sobre los hechos que se establecen a continuación, el acuerdo probatorio de los hechos identifica aquellos hechos que se sabe que causaron controversia en el momento de firmar el convenio de admisión de culpabilidad.

El presente acuerdo probatorio de los hechos no impide que cualquiera de las partes presente al Juez hechos adicionales que no contradigan los hechos estipulados por las partes y que sean relevantes para los cálculos de los criterios del Juez, para otros factores de la Sección 3553 del Título 18 del U.S.C., o para la decisión general del Juez sobre la sentencia condenatoria.

Las partes estipulan que los siguientes hechos son ciertos y correctos:

El acusado Yuren Armando Olivas-Cruz es un hombre de 46 años de edad, originario y ciudadano de México, en virtud de su nacimiento en Chihuahua, México, el 22 de febrero de 1976. El acusado entró ilegalmente a los Estados Unidos por última vez el 25 de julio de 2013, por un lugar que se desconoce. Se determinó que el acusado fue expulsado por última vez de los Estados Unidos a México el 25 de julio de 2013, a través de Nogales, Arizona, después de una condena clasificada como delito con agravantes. El acusado no ha solicitado permiso al Fiscal General de los Estados Unidos para volver a entrar a los Estados Unidos después de su última expulsión.

El acusado fue encontrado por agentes de inmigración el 5 de febrero de 2022. Desde la fecha de su última expulsión del país, los agentes de inmigración no han entrevistado al acusado ni le han informado de sus derechos *Miranda*. Sin embargo, el acusado presentó una declaración jurada en una ocasión anterior. El 30 de abril de 2009, tras ser informado de sus derechos *Miranda,* el acusado presentó una declaración jurada, en Denver, Colorado, admitiendo que es ciudadano y originario de México, no de los Estados Unidos, que la última vez que ingresó a los Estados Unidos fue el 28 de agosto de 2007, cerca de El Paso, Texas, tras haber sido deportado anteriormente, y que no ha solicitado permiso al Fiscal General de los Estados Unidos para volver a entrar a los Estados Unidos después de esta última expulsión. Además, el 16 de julio de 2013, el acusado fue entrevistado mientras se encontraba en el Departamento Correccional de Colorado y en ese momento admitió que era de nacionalidad mexicana.

El 25 de julio de 2022, el acusado se declaró culpable en el Tribunal de Distrito de Colorado, en el Condado de Denver, del delito de Robo Agravado de Vehículos de Motor de $1000-$20,000, un delito de clase 6 en violación de la sección 18-4-409 (4) (b) de la Recopilación de Leyes del Estado de Colorado (C.R.S., por sus siglas en inglés). El acusado no se presentó a su audiencia para dictar sentencia programada para el 19 de septiembre de 2022, y la audiencia aún no se ha reprogramado.

El 30 de abril de 2012, el acusado fue condenado en el Tribunal de Distrito de Colorado, en el Condado de Jefferson, por el delito de Allanamiento 1 de una Vivienda, un delito de clase 5, en violación de la Sección 18-4-502 de la C.R.S. El acusado fue condenado a dos años en el Departamento Correccional de Colorado y 91 días de crédito por tiempo cumplido.

El 30 de octubre de 2009, el acusado fue condenado en el Tribunal de Distrito de los Estados Unidos, Distrito de Colorado, por el delito de Reingreso Ilegal Posterior a una Condena por Delito con Agravantes, un delito en violación de las Secciones 1326(a) y (b)(2) del Título 8 del U.S.C. El acusado fue condenado a 37 meses en la Oficina de Prisiones de los Estados Unidos y a tres años de libertad supervisada.

El 14 de junio de 2007, el acusado fue condenado en el Tribunal de Distrito de Colorado, en el condado de Denver, por el delito de Robo Agravado de Vehículos de Motor de menos de $15,000 dólares, un delito de clase 4 en violación de la Sección 18-4-409 (2), (3)(a) de la C.R.S. El acusado recibió una sentencia condenatoria de cuatro años en el Departamento Correccional de Colorado (suspendida) y 130 días de crédito por tiempo cumplido.

El 21 de mayo de 2007, el acusado fue condenado en el Tribunal Combinado del Condado de Jefferson, en Golden, Colorado, por el delito de Robo en grado de tentativa de $500 a $15,000, el cual es un delito de clase 5 en violación de la Sección 18-04-401 (1), (2) (C) de la C.R.S. El acusado fue condenado a tres años en el Departamento Correccional de Colorado, con 27 meses suspendidos y 46 días de crédito por tiempo cumplido.

El 4 de mayo de 2005, el acusado fue condenado en el Tribunal de Distrito de los Estados Unidos, Distrito de Nuevo México, por el delito de Ingreso Ilegal, en violación de la Sección 1325(a)(1) del Título 8 del U.S.C., una falta de clase B. El acusado fue condenado a 90 días en la Oficina de Prisiones de los Estados Unidos.

## VI. <u>CÁLCULO DE ACUERDO CON LOS CRITERIOS DE CARÁCTER CONSULTIVO Y LA SECCIÓN 3553 DEL TÍTULO 18 DEL CÓDIGO DE LOS ESTADOS UNIDOS</u>

Las partes entienden que los Lineamientos para la Individualización de las Penas de los Estados Unidos son meramente de carácter consultivo, pero representan el punto de partida y de referencia para la imposición de penas. Las partes entienden que la imposición de una condena en este caso está regulada por la Sección 3553 del Título 18 del U.S.C. Para determinar la condena en particular a imponerle, el Juez tiene la obligación de considerar siete factores. Uno de los factores es el rango de las panas calculado por el Juez de acuerdo con los criterios de carácter consultivo emitidos por la Comisión Federal para la Individualización de las Penas. Para auxiliar al Juez en este sentido, las partes exponen a continuación su cálculo aproximado del rango de los criterios de carácter consultivo que establecen los Lineamientos para la Individualización de las Penas de los Estados Unidos (U.S.S.G.) En la medida en que las partes no estén de acuerdo sobre los cálculos de los criterios, el siguiente desglose identifica los asuntos controvertidos.

El cálculo de los criterios que se muestran a continuación es la estimación de buena fe de las partes, pero es únicamente una estimación. Las partes entienden que la fiscalía tiene la obligación independiente de ayudar al Juez a determinar con precisión el rango correcto de los criterios. Para este fin, la fiscalía puede presentar argumentos de hecho o de derecho que afecten la estimación que se presenta a continuación.

**Nivel del delito:** El criterio de base es la Sección 2L1.2.

A. El nivel base del delito es el **8**. (Sección 2L1.2(a)).

B. Dado que el acusado cometió el delito en cuestión después de haber sido condenado por un delito: el delito de reingreso ilegal, aumenta **+4** niveles. (Sección 2L1.2(b)(1)(A)).

C. Dado que después de que se ordenara su deportación o expulsión de los Estados Unidos por primera vez, el acusado recibió una condena por un delito (distinto del delito de reingreso ilegal) de dos o más años, aumenta **+8** niveles. (Sección 2L1.2(b)(3)(B)).

D. No hay ajustes relacionados con víctimas, el papel que desempeñó en el delito, obstrucción y/o cargos múltiples.

E. El nivel ajustado del delito para la imposición de la pena sería, por lo tanto, **20.**

F. El acusado debe recibir un ajuste consistente en la **disminución de dos niveles** por aceptar la responsabilidad de conformidad con la Sección 3E1.1(b). El acusado también debe recibir una disminución en el nivel del delito de -1 por haber notificado oportunamente a la fiscalía. (Sección 3E1.1(b)). Por lo tanto, el nivel ajustado para la imposición de la pena sería **17.**

**Categoría de los antecedentes penales**

G. Las partes comprenden que el cálculo de los antecedentes penales del acusado es provisional. La categoría de los antecedentes penales la determina el Juez con base en las condenas anteriores del acusado. Con base en la información que actualmente está disponible para las partes, se estima que la categoría de los antecedentes penales del acusado sería **III.**

H. En el supuesto de que los hechos de los antecedentes penales conocidos por las partes sean correctos, no se aplicarían ajustes por considerarse: delincuente profesional/forma de vivir delictuosa/delincuente profesional armado.

**Rangos de los criterios**

I. El rango de encarcelamiento de los criterios de carácter consultivo derivado de un nivel de delito **17** y la categoría de antecedentes penales anterior es de **30-37** meses. Sin embargo, con el fin de ser lo más precisos posible, con la categoría de antecedentes penales indeterminada en

este momento, el nivel de delito estimado anteriormente podría posiblemente dar como resultado un rango de entre 24 meses (parte inferior de la Categoría I) y 63 meses (parte superior de la Categoría VI).

Nota: Como se indicó anteriormente, la fiscalía está de acuerdo en solicitar una reducción de **un nivel** por debajo de la pena mínima en vista de la resolución por la "vía rápida" ("*fast-track*").

El rango de encarcelamiento derivado de un nivel de delito **16** y antecedentes penales de categoría **III** sería de **27-33** meses.

J. De conformidad con el criterio de la Sección 5E1.2, suponiendo un nivel de delito estimado de **16** o **17,** el rango de la multa por este delito sería de $10,000 a $95,000, más los intereses y sanciones aplicables. ☐

K. De conformidad con la Sección 5D1.2, si el Juez impone el plazo de libertad supervisada, dicho plazo será de por lo menos 1 año, pero máximo 3 años.

Las partes entienden que, aunque el Juez tendrá en cuenta la estimación de los criterios de las partes, el Juez debe hacer su propia determinación del rango de los criterios aplicable. Al hacerlo, el Juez no está obligado por la postura de ninguna de las partes. Las partes comprenden que el Juez, tras considerar y aplicar debidamente todos los factores conforme a la Sección 3553 del Título 18 del U.S.C., es libre de imponer la condena razonable que considere apropiada en el ejercicio de su discreción, y que dicha condena puede ser menor que lo que establecen los criterios de carácter consultivo (ya sea en la duración o en la forma), estar dentro del rango que fijan los criterios de carácter consultivo, o estar por encima del rango que fijan dichos criterios, hasta el encarcelamiento, inclusive, por el plazo máximo que establece la ley, independientemente del cálculo o la postura de cualquiera de las partes en relación con cualquiera de los factores contenidos en la Sección 3553 del Título 18 del U.S.C.

## VII. TOTALIDAD DEL ACUERDO

El presente documento contiene la totalidad del acuerdo entre las partes. No existen otras promesas, acuerdos (o "acuerdos por separado"), términos, condiciones, entendimientos o garantías, ya sean expresas o implícitas. Al celebrar el presente convenio, ni la fiscalía ni el acusado se basaron, ni se basan, en ningún término, promesa, condición o garantía que no se haya declarado expresamente en el presente convenio.

Fecha: 2/5/23 ~~14/12/22~~    [Firma]
Yuren Armando Olivas-Cruz
Acusado

Fecha: 2/5/23 ~~14/12/22~~    [Firma]
Brandon Marinoff
Abogado del Acusado

Fecha: _____    _____
Kelly R. Churnet
Fiscal Adjunto de los Estados Unidos

10